**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LACKIE DRUG STORE, INC., on Behalf of Itself and Arkansans Similarly Situated** | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **EXPRESS SCRIPTS, INC.; ESI MAIL ORDER PROCESSING, INC.; ESI MAIL PHARMACY SERVICE, INC; and EXPRESS SCRIPTS PHARMACY, INC.** | |
| Defendants. | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Lackie Drug Store, Inc. ("Lackie Drug" or "Plaintiff"), and for its Class Action Complaint, alleges as follows:

### PARTIES

1.      Plaintiff Lackie Drug Store, Inc., is an Arkansas corporation with its principal place of business in Lonoke, Arkansas. It owns and operates an independent retail pharmacy in the City of Lonoke.

2.      Express Scripts, Inc. ("Express Scripts") is a Delaware corporation with its principal place of business located at One Express Way, St. Louis, MO 63121. Its registered agent for service of process is C T Corporation System, 120 South Central

Avenue, Clayton, MO 63105. Express Scripts owns and operates one of the largest Pharmacy Benefits Managers ("PBM") in the world.

3.      ESI Mail Order Processing, Inc. ("Express Mail Order Processing") is a Delaware corporation with its principal place of business located at One Express Way, St. Louis, MO 63121. Its registered agent for service of process is C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

4.      ESI Mail Pharmacy Service, Inc. ("ESI Mail Pharmacy Service") is a Delaware corporation with its principal place of business located at One Express Way, St. Louis, MO 63121. Its registered agent for service of process is C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

5.      Express Scripts Pharmacy, Inc. ("Express Scripts Pharmacy") is a Delaware corporation with its principal place of business located at One Express Way, St. Louis, MO 63121. Its registered agent for service of process is C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

6.      Together ESI Mail Order Processing, ESI Mail Pharmacy Service and Express Scripts Pharmacy (collectively, "Express Scripts Affiliates") own and operate pharmacy services in the United States that dispense prescription medication through the mail to consumers in the State of Arkansas.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a) as the action involves citizen of different States.

8.     This Court has personal jurisdiction over Defendants, each of which have their principal place of business in the State of Missouri.

9.     Venue is proper in the Eastern District of Missouri pursuant to agreement of the parties.

## FACTUAL ALLEGATIONS

10.     Many residents of Lonoke County and other citizens throughout the State of Arkansas receive their prescription drug benefits through health plans, including self-funded and insured health benefit plans ("Plans").

11.     The Plans contract with PBMs, including Express Scripts, which administer and manage the Plans' prescription drug benefits, to make reimbursement payments to pharmacies which fill prescriptions for patients.

12.     Plaintiff fills prescriptions for patients in Arkansas who are participants in Plans administered by Express Scripts.

13.     When a pharmacy, like Lackie Drug, fills prescriptions for patients, the patient's Plan identification numbers are entered into a computer system which provides information about the Plan (i.e. co-pay, deductible, etc.). The pharmacy's claim for reimbursement is adjudicated through the computer system at the point of sale ("Claim").

14.     For Plans contracting with Express Scripts, it sets the reimbursement rate for each prescription filled by the pharmacies.  Express Scripts' reimbursement formula dictates that the reimbursement for medications will not exceed Maximum Allowable Cost ("MAC").

3

15.    MAC is an unpublished maximum reimbursement value unilaterally set by Express Scripts. Express Scripts considers its MAC lists proprietary and confidential. Pharmacies are not informed as to the methodology of how the MAC is established or provided MAC Lists showing the maximum value for each medication.

16.    Express Scripts, routinely and as a matter of practice, sets its MAC below the Plan price or Network price, the usual and customary price, and the pharmacy's invoice cost in acquiring the medication. As a matter of course and routine practice, Express Scripts sets its MAC below all published medication price indexes including: AWP (Average Wholesale Price); NADAC (National Average Drug Acquisition Cost); and WAC (Wholesale Acquisition Cost).  Moreover, Express Scripts in setting its MAC does not reference any published market price index or provide pharmacies any market-based methodology for how the MAC is established. Through subjecting pharmacies to its MAC, Express Scripts exercises unilateral control to arbitrarily determine reimbursement rates for medications filled for patients by Arkansas pharmacies.[1]

17.    Recognizing the unfair nature of MAC practices by PBMs, Arkansas enacted Act 900 in 2015 which statutorily mandates PBMs to take certain actions relative to each pharmacy subject to a MAC List. Important among these mandated actions, a PBM that subjects a pharmacy to MAC pricing is required to provide each pharmacy

---

[1] A "pharmacy" is defined by A.C.A. § 17-92-101 (13) and means the place licensed by the Arkansas State Board of Pharmacy in which drugs, chemicals, medicines, prescriptions and poisons are compounded, dispensed or sold at retail.  Where this pleading uses the terms "pharmacy" or "pharmacist" the definition within A.C.A. § 17-92-101 (13) shall apply.

access to the MAC List; update the MAC List on a timely basis; provide each pharmacy prompt notice of updates to the MAC List; and provide a reasonable administrative appeal procedure for pharmacies to challenge MAC reimbursements. See A.C.A. § 17-92-507 (c)(1) – (4).

18.    Because Express Scripts reimbursement formula dictates that reimbursement will not exceed MAC (which is entirely in the unilateral control of Express Scripts), MAC is most often determinative of the reimbursement rate for prescriptions filled by Plaintiff and members of the Class.

19.    At all times material hereto, Express Scripts subjected Plaintiff and the Class to its MAC List resulting in substantially lower reimbursements for prescriptions Plaintiff filled for patients. Often, these reimbursements dictated by Express Scripts' MAC are below Plaintiff's and Class members' invoice cost for acquiring the medication.

20.    At all times material hereto, Express Scripts failed to provide access to its MAC List to Plaintiff and the Class members in accordance with A.C.A. § 17-92-507 (c)(1).

21.    At all times material hereto, Express Scripts failed to update its MAC List on a timely basis in accordance with A.C.A. § 17-92-507 (c)(2).

22.    At all times material hereto, Express Scripts failed to promptly notify Plaintiff and Class members of updates to its MAC List in accordance with A.C.A. § 17-92-507 (c)(3).

23.    At all times material hereto, Express Scripts failed to provide a reasonable administrative appeal procedure allowing Plaintiff and Class members to challenge its

MAC List reimbursements in accordance with A.C.A. § 17-92-507 (c)(4) by, among other things:

  a.  Requiring pharmacies to reverse and rebill submissions rather than correcting reimbursement on prior submissions and thereby causing pharmacies to incur additional time and expense to obtain proper reimbursements;

  b.  Failing to correct reimbursement rates such that reversed and rebilled submissions were denied;

  c.  Failing to treat reversed and rebilled reimbursements as submitted on the date of the original submission and thereby causing pharmacies to bear the risk of changes to copayments or deductibles; and

  d.  Failing to provide a method for pharmacies to track and readily identify payments made after successful appeals.

  24.  The appeal process provided by Express Scripts is not reasonable in light of the amount of money and time required by Plaintiff and Class members to challenge reimbursements on a claim-by-claim basis. In many instances, the cost to a pharmacy of appealing a claim exceeds the amount which could be gained through a successful appeal.

  25.  Express Scripts is knowledgeable of and, in fact, intends for Plaintiff and other members of the Class to lose substantial sums of money in this blind reimbursement process to serve its own profit motives and to remove Plaintiff, and other Arkansas pharmacies who compete against Express Scripts and the Express Scripts Affiliates, from the marketplace.

26.     At all times material hereto, Express Scripts reimbursed the Express Scripts Affiliates (and other chain affiliated pharmacies) at a more favorable rate than Plaintiff and similarly situated Arkansas pharmacies in violation of A.C.A. § 17-92-507 (d)(1).

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, individually and for all members of the following Class:

> All pharmacy business entities that are citizens of Arkansas, that are operating within the State of Arkansas, and that have been subjected to Express Scripts' MAC List from November 16, 2020, and through certification of the Class pursuant to Federal Rule of Civil Procedure 23 and notification of the Class pursuant to Federal Rule of Civil Procedure 23 (c).
>
> Excluded from the Class are the following:
>
> a.     Any member of the Class that timely opts out;
>
> b.     All Defendants, including their parents, subsidiaries, controlling persons or entities, directors, officers, employees, and any pharmacy that they have an interest in or have any level of control; and,
>
> c.     Any national chain pharmacy or any pharmacy in which another PBM has an interest of any level of control.

### A.     Numerosity Under FRCP 23(a)(1)

28.     There are several hundred members of the Class scattered across Arkansas. Rule 23(a) requires that "the class is so numerous that joinder of all members is impracticable." Federal Courts have regularly held that joinder is impracticable where the number of class members exceeds 40. Thus, the members of the Classes are so numerous that joinder of all members is impracticable.

7

### B.     Commonality Under FRCP 23(a)(2)

29.     There are questions of law and/or fact common to the Plaintiff and the Class, which predominate over questions that may affect particular Class members. The common and predominate questions include whether Express Scripts' actions as detailed above, which are all common among them, were anticompetitive, wrongful, violations of Arkansas statutory law and caused Plaintiff and the Class to suffer harm, actual financial losses and/or damages.

### C.     Typicality of FRCP 23(a)(3)

30.     Plaintiff's claims are typical of the claims of Class, because they all operate independent pharmacies within Arkansas, and the claims all arise from the same wrongdoing committed by Express Scripts. Plaintiff's claims are based upon the same set of facts and assert the same legal theories as the Class and they are typical of one another.

### D.     Fair and Adequate Representation Under FRCP 23(a)(4)

31.     Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff's interests do no conflict with the interests of the other Class members he seeks to represent. Plaintiff has also retained competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

### E.     Class Certification under Rule 23(b)(1), (2), and (3)

32.     The claims are certifiable under Rule 23 because each of the elements of Rule 23(a) are met, and the elements of FRCP 23(b)(1), (2), and (3) are also met.

**F.     Rule 23(b)(1) Certification is Appropriate**

33.     A class action is warranted for the fair and efficient adjudication of the controversy because:

a.     The prosecution of separate actions by individual members of the Class creates a risk of inconsistent and varying adjudications regarding members of the Class and would establish incompatible standards of conduct for Defendants. FRCP 23(b)(1)(A).

b.     Additionally, certification is also appropriate because prosecuting separate actions by individual Class members would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. FRCP 23(b)(1)(B).

**G.     Rule 23(b)(2) Certification is Appropriate**

34.     Rule 23 certification in also appropriate under FRCP 23(b)(2) because Express Scripts, as detailed above, has acted or refused to act in accordance with Arkansas law and on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

**H.     Rule 23(b)(3) Certification is Appropriate**

35.      Rule 23 certification in also appropriate under FRCP 23(b)(3) because, as detailed above, questions of law or fact common to class members predominate over any questions affecting only individual members, and is superior to other available methods for fairly and efficiently adjudicating the controversy. Indeed, proceeding as a class action

9

is superior because individual class members are not that interested in controlling the prosecution of separate actions out of fear that they will be removed from Express Scripts' network. Further, the extent and nature of this litigation may be joined by other members, but no others have yet filed such actions. Class litigation is preferred for purposes of judicial economy and efficiency, and moreover, will certainly be more manageable than attempting to manage a hundred or more cases.

36.    To the extent that Express Scripts seeks to avoid class certification on the basis of a class action waiver, such waiver is unenforceable because:

a. it is procedurally unconscionable due to the extreme unequal bargaining power between PBMs, including Express Scripts, and independent pharmacies such as Plaintiff and the putative class members; and

b. it is substantively unconscionable in that bringing individual claims is not economically feasible for all class members due to the value of the transactions at issue, attorneys' fees are not available under all causes of action and that waiver of class and/or consolidated treatment impermissibly insulates and disincentivizes Express Scripts and other PBMs from avoiding its violations of Act 900 and providing a reasonable appeal process.

**COUNT I**
**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**
**PURSUANT TO VIOLATIONS OF A.C.A. § 17-92-507**

37.    Plaintiff and the Class incorporate all allegations asserted above.

10

38.     Plaintiff is a pharmacy as defined by A.C.A. § 17-92-507(a)(5) and A.C.A. § 17-92-101 (13), and so are members of the Class.

39.     Express Scripts is a pharmacy benefits manager as defined by A.C.A. § 17-92-507(a)(7) and A.C.A. § 23-92-503(8)(A).

40.     In violation of A.C.A. § 17-92-507, Express Scripts subjected Plaintiff and the Class to its MAC List without complying with the mandates of A.C.A. § 17-92-507 and A.C.A. §23-92-506 in that:

   a.     Express Scripts failed to provide Plaintiff and the Class access to its MAC List as mandated by A.C.A. § 17-92-507(a)(1)(A),(b), and (c)(1)

   b.     Express Scripts failed to timely update its MAC List as mandated by A.C.A. § 17-92-507(c)(2),

   c.     Express Scripts failed to provide Plaintiff and the Class prompt notification of updates to its MAC List as mandated by A.C.A. § 17-92-507 (c)(3)

   d.     Express Scripts failed to provide a reasonable administrative appeal procedure to allow Plaintiff and the Class to challenge MAC reimbursements as mandated by A.C.A. § 17-92-507(a)(4)(A)(i)

   e.     Express Scripts reimbursed Plaintiff and the Class less than it reimbursed the Express Script Affiliates for the same pharmacist services ("Affiliate Pharmacy Reimbursement") in violation of A.C.A. § 17-92-507(d)(1).

   f.     Express Scripts reimbursed Plaintiff and the Class less than the national average drug acquisition cost ("NADAC") and wholesale acquisition cost ("WAC") in violation of A.C.A. § 23-92-506(b)(5)(A).

11

41.     By subjecting Plaintiff and the Class to its MAC List without complying with the mandates of A.C.A. § 17-92-507 and A.C.A. §23-92-506, Express Scripts wrongfully reduced reimbursements to Plaintiff and the Class.

42.     Because Express Scripts failed to comply with the requirements of A.C.A. § 17-92-507 and A.C.A. §23-92-506, it was not entitled to, as a matter of law, subject Plaintiff and the Class to MAC List pricing during the Relevant Time Period.[2]

43.     Defendants' actions violate A.C.A. § 17-92-507, thereby making Defendants' actions a deceptive and unconscionable trade practice pursuant to the Arkansas Deceptive Trade Practices Act, § 4-88-101, *et seq.* A.C.A § 17-92-507(g)(1).

44.     The activities at issue are consumer-oriented practices because of the negative impact they have on patient consumers trying to obtain their prescription drugs at a fair price.

45.     As a proximate result of Express Scripts' violations of the Arkansas Deceptive Trade Practices Act, Plaintiff and the Class have suffered actual financial losses and are entitled to an award against Express Scripts for wrongfully subjecting Plaintiff and the Class to its MAC List during the Relevant Time Period. Plaintiff and the Class are entitled to have Express Scripts recalculate the reimbursement rate for each claim submitted during the Relevant Time Period utilizing the following formula:

> the lesser of the following: the Benefit Plan or network AWP discount or other referenced based pricing plus applicable dispensing fee; Network Pharmacy Provider's Submitted Cost Amount; Network Pharmacy

---

[2] The "Relevant Time Period" shall mean from November 16, 2020, to the date the Class is certified by this Court, is provided notice, and each member has had the opportunity to timely opt out of the Class.

12

Provider's U&C which would be given under the same circumstances if the Member did not possess prescription benefit coverage; or the submitted ingredient cost. ("Recalculation without MAC").

46.    Plaintiff and the Class are entitled to a payment for each Claim submitted during the Relevant Time Period of the following:

a.    the greater of Recalculation without MAC;  NADAC; or Affiliate Pharmacy Reimbursement

b.    less any amounts previously paid to Plaintiff and the Class for each claim.

47.    Pursuant to Arkansas Code Annotated § 4-88-113(f)(3), Plaintiff and the Class are also entitled to an award of its reasonable attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE UNFAIR PRACTICES ACT

48.    Plaintiff and the Class incorporate all allegations and applications of law asserted above.

49.    Express Scripts wrongdoings as described above are anticompetitive practices in violation of the Unfair Practices Act of A.C.A. §4-75-201 et seq.

50.    The legislative purpose of the Unfair Practices act is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. A.C.A. §4-75-202.

51.    Express Scripts' wrongdoing alleged here frustrates, and in fact is intentionally designed to prevent honest competition and perpetuate monopolies by the

13

owners of big brand stores, which control the PBMs, including Express Scripts, and are treated much more favorably by Express Scripts, and thus, its actions are in violation of the Unfair Practices Act.

52.     Express Scripts wrongdoing has proximately caused Plaintiff and other Class members to suffer actual financial losses and damages as described herein in Count I, to which Express Scripts is liable to the Plaintiff and Class members. Plaintiff and the Class are entitled to treble damages pursuant to A.C.A. §4-75-211 (b)(3).

53.     Plaintiff and the Class are also entitled to a temporary, preliminary and a permanent injunction that ends the wrongful practices alleged herein and that are in violation of the Unfair Practices Act.

## COUNT III
## DECLARATORY AND INJUNCTIVE RELIEF

54.     Plaintiff and the Class incorporate all allegations and application of law asserted above.

55.     Pursuant to Ark. Code Ann. § 16-111-102, Plaintiff and the Class seek a declaration that Express Scripts' actions violate A.C.A. §17-92-507.

56.     Plaintiff and the Class are entitled to a declaration that Express Scripts conduct in subjecting Arkansas pharmacies to MAC List pricing was unlawful during the relevant time periods of this Complaint.

57.     Plaintiff and the Class are entitled to an injunction prohibiting Express Scripts from subjecting Arkansas pharmacies to MAC List pricing unless and until Express Scripts is in full compliance with A.C.A. 17-92-507.

14

58.     Plaintiff and the Class are entitled to an injunction ordering Express Scripts to produce its MAC List in accordance with A.C.A. § 17-92-507 (c)(1).

59.     Plaintiff and the Class are entitled to an injunction ordering Express Scripts to update its MAC List on a timely basis in accordance with A.C.A. § 17-92-507 (c)(2).

60.     Plaintiff and the Class are entitled to an injunction ordering Express Scripts to promptly notify Plaintiff and the Class of updates to its MAC List in accordance with A.C.A. § 17-92-507 (c)(3).

61.     Plaintiff and the Class are entitled to an injunction ordering Express Scripts to provide a reasonable administrative appeal procedure allowing Plaintiff to challenge its MAC List reimbursements in accordance with A.C.A. § 17-92-507 (c)(4).

62.      Pursuant to Ark. Code Ann. § 16-111-108, upon a determination Express Scripts' actions violate Arkansas law, Plaintiff and the Class seek supplemental relief in the form of disgorgement of all monies Express Scripts withheld from Plaintiff and the Class through wrongfully subjecting Arkansas pharmacies to MAC and reimbursing Arkansas pharmacies less than it reimbursed the Express Scripts Affiliates for the same pharmacist services.

63.      Pursuant to Ark. Code Ann. § 16-111-110, upon a determination Express Scripts' actions violate Arkansas law, Plaintiff and the Class seek their costs.

15

## COUNT IV
## UNJUST ENRICHMENT

64.     Plaintiff and the Class incorporate all allegations and applications of law asserted above.

65.     Express Scripts wrongfully, in violation of Arkansas Law, reduced reimbursements to Plaintiff and the Class on Claims during the Relevant Time Period by subjecting Plaintiff and the Class to MAC List pricing without complying with Arkansas law and has been unjustly enriched by such wrongful conduct.

66.     Plaintiff and the Class are entitled to restitution from Express Scripts of all amounts it reduced reimbursements on Claims during the relevant time periods of this Complaint by subjecting Plaintiff and the Class to MAC pricing as described more fully in Count I herein.

## COUNT V
## EQUITABLE ESTOPPEL

67.     Plaintiff and the Class incorporate all allegations and application of law asserted above.

68.     Express Scripts wrongfully subjected Plaintiff and the Class to MAC pricing without complying with the requirements of the Arkansas MAC law, A.C.A. § 17-92-507.

69.     Express Scripts routinely flaunted the requirements set out in the MAC law, which the Arkansas legislature enacted to protect Arkansas pharmacies, like Plaintiff and the Class. Specifically, the MAC law requires PBMs, like Express Scripts, to provide

16

access to the MAC List, routinely update the MAC List, promptly notify pharmacies of updates to the MAC List, establish a reasonable appeal process, and not reimburse independent Arkansas pharmacies less than the PBM reimburses the Express Scripts Affiliates.

70.     These protections afford Arkansas pharmacies the ability to make a business decision at point of sale.

71.     Express Scripts' conduct in flaunting the mandates of the MAC law is inconsistent with subjecting Plaintiff to MAC pricing and thereby reducing Plaintiff's reimbursements.

72.     Plaintiff filled prescriptions relying upon the protections of the MAC law and relying upon Express Scripts to comply with the mandates of the MAC law.

73.     Express Scripts should be estopped from enforcing its MAC pricing during all times relevant to this Complaint and until such time as it is in compliance with the MAC law.

74.     Plaintiff and the Class are entitled to restitution from Express Scripts of all amounts it reduced reimbursements on Claims during the relevant time periods of this Complaint by subjecting Plaintiff and the Class to MAC pricing as described more fully in Count I herein.

## PUNITIVE DAMAGES

75.     Plaintiff and the Class are entitled to recover punitive damages from Express Scripts for its malicious conduct as it knew or ought to have known, in light of

the surrounding circumstances, that its conduct would naturally and probably result in damage and that it continued such conduct in reckless disregard of the consequences from which malice may be inferred.

### JURY TRIAL DEMANDED

76.    Plaintiff demands a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court certify the Class and enter judgment in their favor on all the claims asserted herein, to Order all the requested relief pled above, and to provide Plaintiff and the Class all other just and appropriate relief.

Respectfully submitted,

*/s/ Jason D. Sapp*
Jason D. Sapp, #58511MO
**SAPP LAW LLC**
75 W. Lockwood, Suite 222
Webster Groves, MO 63119
P: 314-782-3500
F: 314-782-3400
E: jason@sapplawllc.com

Scott Poynter, AR Bar. 09077
Daniel Holland, AR Bar. 2019237
**POYNTER LAW GROUP, PLLC**
407 President Clinton Ave., Suite 201
Little Rock, AR 72201
(501) 812-3943
scott@poynterlawgroup.com
daniel@poynterlawgroup.com

James C. Wyly, AR Bar No. 90158
Sean F. Rommel, AR Bar No. 94158
**WYLY-ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, TX 75503
(903) 334-8646
jwyly@wylyrommel.com
srommel@wylyrommel.com


Michael Darren O'Quinn
**LAW OFFICES OF DARREN O'QUINN PLLC**
B. Ram Suri Professional Building
36 Rahling Circle, Suite 4
Little Rock, AR 72223
(501) 817-3124
darren@darrenoquinn.com


Rodney P. Moore (96134)
Shelby N. Howlett (2019234)
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH:     (501) 371-0808
FX:     (501) 376-9442
rpmoore@wlj.com
SHowlett@wlj.com