**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LACKIE DRUG STORE, INC., on Behalf of Itself and Arkansas Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:23-cv-01669-MAL ) |
| EXPRESS SCRIPTS, INC., ESI MAIL ORDER PROCESSING, INC., ESI MAIL PHARMACY SERVICE, INC., and EXPRESS SCRIPTS PHARMACY, INC. | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

The Court has reviewed and considered Defendants' Motion to Dismiss Plaintiff Lackie Drug Store, Inc.'s ("Lackie's") Class Allegation Complaint and to Strike Lackie's Class Allegations (Doc. 22). The motion to dismiss is granted in part and denied in part. Counts II, IV, and V are dismissed; Counts I and III remain. The motion to strike Lackie's class allegations is GRANTED.

**FACTS AND BACKGROUND**

Lackie Drug Store, Inc., is an independent retail pharmacy with its principal place of business in Lonoke, Arkansas (Doc. 1 ¶ 1). Some of Lackie's customers receive their prescriptions through health benefit plans ("Plans"). *Id*. at ¶ 10. The Plans contract with Pharmacy Benefit Managers ("PBMs"), who administer and manage the Plans' prescription drug benefits, including making reimbursements to pharmacies who fill the prescription. *Id*. at ¶ 11. Express Scripts is one such PBM.[1] *Id*. at ¶¶ 11, 39. Express Scripts contracts with third-party payors such as health plan sponsors to facilitate the delivery of prescription drugs to health plan members (Doc. 24, p. 2). Express Scripts does this by maintaining a pharmacy provider network and contracts directly with pharmacies to serve health plan members in that network. *Id*. Lackie is a member of Express

---

[1] As parties refer in their briefing, PBM Express Scripts, Inc. is referred to as "Express Scripts" or "Express Scripts, Inc." Defendants ESI Mail Order Processing, Inc., ESI Mail Pharmacy Services, Inc., and Express Scripts Pharmacy, Inc. are referred to as the "Non-PBM Entities."

1

Scripts' pharmacy provider network through a contract known as a Pharmacy Provider Agreement (PPA) which governs all aspects of Lackie's relationship with Express Scripts (Doc. 24 (stating this is the case); Doc. 26-1 (PPA)).  The PPA states that it is governed by Missouri law (Doc 26-1). When Lackie fills prescriptions for patients, the patient's Plan identification numbers are entered into a computer system which provides information about the Plan, such as co-pays and deductibles (Doc. 1 ¶ 13).  Lackie then claims reimbursement from Express Scripts, which is adjudicated through the computer system at the point of sale. *Id*.  For Plans contracting with Express Scripts, Express Scripts sets the reimbursement rate for each prescription filled by the pharmacies. *Id*. at ¶ 14. Express Scripts' reimbursement formula dictates that medication reimbursements not exceed Maximum Allowable Cost ("MAC"). *Id*. Express Scripts unilaterally sets the MAC. *Id*.

Arkansas law requires PBMs like Express Scripts to take certain actions pertaining to a MAC list, including:  providing each pharmacy access to the MAC list, updating the MAC list on a timely basis, providing each pharmacy prompt notice of updates to the MAC list, and providing a reasonable administrative appeal procedure for pharmacies to challenge MAC reimbursements. Ark. Code Ann. § 17-92-507.

## PROCEDURAL HISTORY

On December 20, 2023, Lackie filed suit against Express Scripts, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc. Lackie alleges Express Scripts' violated various laws in the following counts and brief explanation:

- Count I:  Violation of the Arkansas Deceptive Trade Practices Act for failure to comply with Ark. Code Ann. § 17-92-507. Lackie alleges Express Scripts failed to provide them access to its MAC list; failed to timely update its MAC list; failed to provide prompt notification of updates to its MAC list; failed to provide reasonable administrative appeal procedures to allow Lackie to challenge MAC reimbursements; Express Scripts reimbursed Lackie less than it reimbursed Express Script Affiliates for the same pharmacist services; and Express Scripts reimbursed Lackie less than the national average drug acquisition cost ("NADAC") and wholesale acquisition cost ("WAC").

- Count II:  Violation of the Arkansas Unfair Practices Act for treating Express Script entities more favorably than Lackie. Lackie alleges Express Scripts denied Lackie access to the MAC list and provided more favorable rates to Express Scripts' affiliate pharmacies.

- Count III: Declaratory and Injunctive Relief—declaring that Express Scripts violated Ark. Code Ann. § 17-92-507 and requesting an injunction requiring Express Scripts comply with Ark. Code Ann. § 17-92-507.

- Count IV: Unjust Enrichment for reducing Lackie's reimbursements without complying with Arkansas law.

- Count V: Equitable Estoppel requiring Express Scripts to be estopped from enforcing its MAC pricing during all relevant times in the Complaint and restitution for reduced reimbursements.

Lackie also includes a request for class certification in its Complaint (Doc. 1). Defendants now move to dismiss Lackie's claims pursuant to Fed. R. Civ. P. 12(b)(6) and to strike Lackie's class allegations under Fed. R. Civ. P. 12(f). Specifically, Defendants argue that:

1. This Court should dismiss all claims against the non-PBM entities: ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc.;
2. This Court should strike the Class Action allegations; and
3. This Court should dismiss all Counts (I – V).

## DISCUSSION

### I. This Court GRANTS the motion to dismiss all claims against the Non-PBM Express Scripts Entities

First, this Court addresses whether to dismiss all claims against the non-PBM Express Scripts Entities. Defendants argue the Court should do this because Lackie asserts no claims against them, as the Complaint contains no factual allegations that put the non-PBM entities on notice of any act that could result in their liability. This Court grants the motion to dismiss all claims (Counts I – V) against the non-PBM Express Scripts Entities. This dismissal is without prejudice.

#### A. Legal Standard

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal citation and quotation omitted). "A theory of liability that is not alleged or even suggested in the complaint would not put a defendant on fair notice and should be dismissed." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016). "A complaint

3

which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Boggs v. Am. Optical Co.*, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015). This Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal quotation and citations omitted)). Under the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must give *each* defendant sufficient notice of the claims against it. *See Frey v. City of Herculaneum,* 44 F.3d 667, 672 (8th Cir. 1995).

### B. Application of law to facts.

Lackie brings its Complaint against four defendants: Express Scripts, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc. (Doc. 1), yet Lackie alleges that only Express Scripts, Inc. did anything wrong. Though Lackie's opposition brief claims that it "does assert claims against the non-PBM entities," Lackie never explains what claims those are or what actions those entities took that give rise to those claims. Lackie's Complaint alleges the three non-PBM entities "own and operate pharmacy services in the United States that dispense prescription medication through the mail to consumers in the State of Arkansas," but it does not explain how these actions give rise to any legal liability (Doc. 1 ¶ 6). This is not sufficient to put the non-PBM entities on fair notice of the grounds for the claims as required by Rule 8(a). Because "[o]rdinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend" the Court grants Defendants' motion to dismiss for failure to state a claim against Defendants ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc., without prejudice. *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983).

### II.   This Court GRANTS the motion to strike class action allegations.

Next, this Court addresses the motion to strike class action allegations in the complaint. Defendants move to strike the class action allegations on the basis that Express Scripts, Inc. and Lackie agreed in their PPA to waive class-action litigation. Lackie does not dispute that the words of the PPA's class-action waiver would encompass this case. Instead, Lackie argues that the PPA is unconscionable and, therefore, this Court should decline to apply the class-action waiver. For the reasons stated below, this Court GRANTS the motion to strike class-action allegations.

### A. Legal Standard

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Though "[s]triking a party's pleading ... is an extreme and disfavored measure," *id.*, the Court may strike "class allegations…at the pleading stage if it is apparent from the pleadings that the class cannot be certified." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021) (internal quotation marks omitted) (holding class-action allegations should be stricken where parties were bound by arbitration agreement).

When, as here, this Court has diversity jurisdiction, it applies applicable state law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Here, the parties agree (or at least do not dispute) that Missouri law applies, (Doc. 40, p. 10), presumably because the PPA states that it is governed by Missouri law (Doc. 26-1). Missouri courts enforce agreement terms unless "the contract is not otherwise void" or voidable, for reasons like unconscionability. *Malan Realty Inv'rs, Inc. v. Harris*, 953 S.W.2d 624, 626-27 (Mo. 1997); *see, e.g.*, *Repair Masters Constr., Inc. v. Gary*, 277 S.W.3d 854, 858-59 (Mo. App. 2009). Missouri courts have traditionally focused the discussion of unconscionability by examining two aspects of it: procedural and substantive. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006). "Procedural unconscionability involves the contract formation process; substantive unconscionability refers to undue harshness in the terms of the contract." *Leonard*, 861 F.3d at 729. Unconscionability is determined by considering the totality of the circumstances. *Id.* It exists when there is "an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." *Id.* (internal quotations and citations omitted).

### B. Application of law to facts.

Express Scripts, Inc. is the only remaining defendant. Express Scripts claims that the PPA's provision governing class action waiver encompasses this lawsuit. The PPA states:

> Claims shall not be consolidated or coordinated in any action with the Claim of any other individual or entity. No Claim or other dispute may be litigated on a coordinated, class, mass, or consolidated basis. No Claim may be brought as a private attorney general.

5

(Doc. 26, Ex. 1). Lackie does not dispute the PPA bars class litigation, but rather argues its terms are unconscionable. Because it is not unconscionable, the Court applies the PPA's no-class-action provision.

### 1. Lackie's Procedural Unconscionability Arguments.

Procedural unconscionability concentrates on "the formalities of making the contract." *Schneider*, 194 S.W.3d at 858. "Procedural unconscionability focuses on such things as high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process." *Id*.

Lackie argues the PPA is procedurally unconscionable because of the disparity in bargaining power between Lackie and Express Scripts and because the PPA allows Express Scripts to terminate the PPA without cause but does not provide the same right to Lackie (Doc. 38, p.12). Lackie relies on *Brewer v. Missouri Title Loans,* 364 S.W.3d 486 (Mo. 2012), where the Court noted a disparity in bargaining power and one-sided contract terms were evidence of an unconscionable agreement. But the Eighth Circuit has also found that these same arguments did not create unconscionability in other cases. *See Park Irmat Drug Corp. v. Express Scripts Holding Co*., 911 F.3d 505 (8th Cir. 2018). The difference between *Park Irmat* and *Brewer* is the sophistication of the plaintiff claiming unconscionability. The *Brewer* plaintiff was an average consumer; the *Park Irmat* plaintiff was a sophisticated consumer with access to other PBM networks. *Id*. at 513. That is, "Missouri Courts are clear that a contract is not procedurally unconscionable simply because … one party has more bargaining power than the other." *Mecke v. Bluegreen Vacations Corp.*, 698 F. Supp. 3d 1109, 1116 (W.D. Mo. 2023); *see also State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 809-10 (Mo. 2015).

Like the pharmacy in *Park Irmat*, Lackie is a sophisticated consumer, not an average customer. Lackie is a corporate entity, and it does not claim that it lacks access to other PBM networks (Doc. 1 ¶ 1); *see also Lackie Drug Store, Inc. v. Arkansas CVS Pharmacy, LLC,* No. 4:20CV1515 JM, 2022 WL 16635130, at *2 (E.D. Ark. Nov. 2, 2022) (discussing Lackie's relationship with PBM Optum).

### 2. Lackie's Substantive Unconscionability Arguments

Substantive unconscionability occurs when there is "undue harshness in the contract terms." *Schneider*, 194 S.W.3d at 858. These are terms "that no person 'in his sense and not under

delusion would make.'"  *Brewer,* 364 S.W.3d at 495 (quoting *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 355 (2011) (Thomas, J. concurring)).  For instance, the Missouri Supreme Court has found unconscionability where the contract provided for a very high interest rate and, for one party but not the other, the contract waived attorney's fees and the right to use the judicial process. *Brewer,* 364 S.W.3d 486.

Lackie claims the PPA is substantively unconscionable because the terms of the PPA are more favorable to Express Scripts than to Lackie.  However, Lackie admits that a class action waiver, in and of itself, is not sufficient to rise to the level of unconscionability (Doc. 40, p. 12). Lackie argues that the agreement is substantively unconscionable for many of the same reasons they state it is procedurally unconscionable: (1) including the class action waiver; (2) allowing Express Scripts (but not Lackie) to amend terms of the Agreement if Express Scripts gives notice; and (3) prescribing equitable and monetary damages to Express Scripts were Lackie to breach, but not providing the same rights for Lackie. *Id.* at 13-14.

As addressed above, Lackie agrees that class-action waivers are not by themselves terms that make a contract unconscionable. The fact that the PPA allows Express Scripts (but not Lackie) to terminate the PPA does not make the contract unconscionable either.  *Park Irmat*, 911 F.3d at 512 ("[A] bilateral contract is not rendered invalid and unenforceable merely because one party has the right to cancellation while the other does not." (internal quotation marks omitted)).  It does not rise to the level of unconscionability to prescribe a remedy for one party in the case of breach while leaving open what remedies would be proper for the other party.  While the PPA does set out provisions explicitly affording Express Scripts relief were breach to occur (Doc. 26-1, §§ 5.4, 7.1), these provisions of the PPA do not simultaneously foreclose Lackie's relief.

Given the totality of the circumstances, none of these terms rise to the level that would make the PPA unconscionable between two sophisticated business entities such as Lackie and Express Scripts.  *Leonard*, 861 F.3d at 729.

### III.   This Court GRANTS the motion to dismiss Counts II, IV, and V, but DENIES the motion to dismiss Counts I and III.

For the reasons below, this Court:

1. GRANTS the motion to dismiss Counts II, IV, and V; and
2. DENIES the motion to dismiss Counts I and III.

7

### A. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id*. It is not, however, a "probability requirement." *Id*. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562 (quoted case omitted). At this stage, the Court accepts as true the factual allegations in the complaint. *Id*. at 556.

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id*.

### B. Application of Law to Facts

#### 1. The Court DENIES the motion to dismiss Count I – Violation of Arkansas Deceptive Trade Practices Act

The Motion to Dismiss Count One is DENIED.

In Count I, Lackie alleges that Express Scripts violated the Arkansas Deceptive Trade Practices Act, § 4-88-101, *et seq*. (Doc. 1 ¶ 43) for violations of Ark. Code Ann. § 17-92-507. That provision imposes restrictions surrounding maximum allowable cost lists. Lackie argues that Express Scripts violated Ark. Code Ann. § 17-92-507 by subjecting Lackie to Express Scripts' MAC list without complying with the requirements in Ark. Code. Ann. § 17-92-507. Ark. Code.

8

Ann. § 17-92-507(g)(1) expressly provides that "A violation of this section is a deceptive and unconscionable trade practice under the Deceptive Trade Practices Act, § 4-88-101 et seq." The motion to dismiss Count One is DENIED because Lackie pleaded a plausible claim for violation of Ark. Code Ann. § 17-92-507.

Express Scripts argues that Count I should be dismissed because the Arkansas Deceptive Trade Practices Act requires "a … consumer-oriented act or practice," and there is no consumer-oriented act or practice here (Doc. 24, p. 11-12). This argument falls short. First, it reads requirements into Ark. Code Ann. § 17-92-507(g) that are not found in that statute. "When the language of a statue is clear, courts must give effect to the language as written" and cannot "read into a statute a legislative intent that is contrary to its plain and ordinary meaning." *Dorsey v. State*, 115 S.W.3d 842, 844 (Mo. banc 2003). Second, Ark. Code Ann. § 17-92-507 governs the conduct between pharmacies and pharmacists with PBMs. It expressly provides that a claim for violation of Ark. Code Ann. § 17-92-507 is a deceptive and unconscionable trade practice under § 4-88-101 *et seq*. If the Court adopted Express Scripts' interpretation, the enforcement mechanism in Ark. Code Ann. § 17-92-507(g) would be meaningless because claims between pharmacies and PBMs are not inherently consumer-oriented conduct. Meaningless readings are disfavored, so this Court does not adopt such a reading. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant…" (quoting N. Singer, Statutes and Statutory Construction § 46.06, pp. 181-186 (rev. 6th ed. 2000). This Court need not consider whether "business-to-business activity can be a deceptive and unconscionable trade practice under the ADTPA [generally] … because Arkansas law already declares that violating section 17-92-507 … is a deceptive and unconscionable trade practice as a matter of law." *Lackie Drug Store, Inc. v. Arkansas CVS Pharmacy, LLC*, 2022 WL 16635130, at *5 (E.D. Ark. 2022) (citing *Allcare Specialty Pharmacy, LLC v. OptumRX, Inc.*, 2017 WL 5571356, at *5 (E.D. Ark. Apr. 6, 2017).

Accordingly, Express Scripts' motion to dismiss Count I is DENIED.

### 2. This Court GRANTS the motion to dismiss Count II – Violation of Arkansas Unfair Practices Act

The motion to dismiss Count Two is GRANTED because Lackie failed to plead a plausible claim. Lackie alleges that Express Scripts violated the Arkansas Unfair Practices Act Ark. Code. Ann. § 4-75-201. The Act states:

9

> The secret payment or allowance of rebates, refunds, commissions, or unearned discounts is an unfair trade practice, whether in the form of money or otherwise or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions to the injury of a competitor and where the payment or allowance tends to destroy competition.

*Id*. at § 4-75-208(a). The Arkansas legislature explained "the purpose of this subchapter is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented." *Id.* at § 4-75-202. Express Scripts cites Arkansas case law for the proposition that AUPA "provides a remedy only in favor of one seller against another seller, not in favor of a seller against a buyer or vise versa [read: a buyer against a seller]." *Burge v. Pulaski Cnty. Special School Dist*., 272 Ark. 67, 110 (Ark. 1981).

Because this Court is sitting in diversity, it applies state law. *Gasperini*, 518 U.S. at 427. This Court is bound to rule in the way it predicts the Arkansas Supreme Court would on this issue. *Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023). Under *Burge*, this is precisely the type of claim that would not be covered because a buyer (Lackie) is suing a seller (Express Scripts). Thus, Lackie has not pled a cause of action under AUPA, and the Motion to Dismiss Count II is GRANTED.

### 3. This Court DENIES the motion to dismiss Count III – Declaratory and Injunctive Relief

The Motion to Dismiss Count Three is DENIED.

#### a. Declaratory Judgment

Express Scripts argues that this Court should dismiss the claim for declaratory judgment because the underlying claim is based on Ark. Code. Ann. § 17-92-507, which confers no private right of action, and because there is no cause of action, declaratory judgment is not available. Lackie argues its causes of action are in the ADTPA and the AUPA (Doc. 38, p. 9). This Court has dismissed the AUPA claim, so that cannot be a basis for issuing a declaratory judgment. But this Court *could* issue a declaratory judgment that Express Scripts violated Ark. Code Ann. § 17-92-507 because this Court would need to determine that Express Scripts violated Ark. Code Ann. § 17-92-507 as a prerequisite to finding an ADTPA violation. *See supra* Part B1. *See also Lackie Drug Store, Inc. v. Arkansas CVS Pharmacy, LLC*, 2022 WL 16635130, at *6 (E.D. Ark. Nov. 2,

10

2022) (declining to dismiss a claim for declaratory judgment seeking a declaration that defendant violated Ark. Code. Ann. § 17-92-507).

### b.  Injunctive Relief

Lackie seeks an injunction requiring Express Scripts to comply with Ark. Code Ann. § 17-92-507 provisions.  (Doc. 1, p. 14).  Express Scripts argues the claim for injunctive relief should fail because "injunctive relief is a remedy and not an independent cause of action." (Doc. 14, p. 14) (quoting *Wholesale All., LLC v. Express Scripts, Inc*., 366 F. Supp. 3d 1069, 1082 (E.D. Mo. 2019)).  In general, "Plaintiffs may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as separate causes of action." *Henke v. Arco Midcon, L.L.C*., 750 F. Supp. 2d 1052, 1060 (E.D. Mo. 2010).  Here, Lackie is asking for injunctive relief should this Court determine that Express Scripts violated Ark. Code Ann. § 17-92-507.  Because a violation of Ark. Code Ann. § 17-92-507 is a violation of the ADTPA, this is a sufficient basis to request an injunction not as a cause of action, but as a remedy.  Lackie can thus pursue injunctive relief as a remedy for ADTPA violations.

*          *          *

Accordingly, the Court denies Express Scripts' Motion to Dismiss Count III with respect to the claim for injunctive relief.

### 4.  This Court GRANTS the motion to dismiss Count IV – Unjust Enrichment

Express Scripts' motion to dismiss Count IV is GRANTED.

Express Scripts claims that this Court should dismiss Count IV because unjust enrichment is an equitable claim, and when a party seeks both statutory and equitable damages, the existence of the statutory claim bars recovery on the equitable claim (Doc. 24, p. 15-16). It is true that "the existence of…an adequate legal remedy [] preclude[s] [an] equitable claim." *CMI Roadbuilding, Inc. v. Iowa Parts*, 920 F.3d 560, 567 (8th Cir. 2019).  Though some courts do not "dismiss unjust enrichment claim[s] at the pleading stage" when there is "an adequate legal remedy" because the federal rules allow pleading claims in the alternative," this just prolongs the inevitable. *United States v. Bame*, 721 F.3d 1025, 1031-32 (8th Cir. 2013).  Even if the only claim Lackie brought was the unjust enrichment claim (and not the statutory claim), the unjust enrichment claim would be subject to dismissal because of the statutory cause of action expressly allowed under Ark. Code

Ann. § 17-92-507 and the ADTPA. *See Bame*, 721 F.3d at 1031-32. Accordingly, Express Scripts' Motion to Dismiss Count IV is GRANTED.

### 5. This Court GRANTS the motion to dismiss Count V – Equitable Estoppel

Express Scripts' Motion to Dismiss Count V is GRANTED.

Express Scripts argues that Count V should be dismissed because equitable estoppel is a defense, not a cause of action. After Express Scripts moved to dismiss this claim, Lackie filed a notice of voluntary dismissal of Count V pursuant to Rule 41(a)(1)(A)(i) (Doc 25). Express Scripts argues that Rule 41(a) dismissal is only permitted where a party dismisses all claims. *See* Charles Alan Wright & Arthur R. Miller, 9 *Fed. Prac. & Proc.* § 2362 & n. 15 (4th ed. West 2023) (collecting cases).

This Court dismisses Count V under Rule 12(b)(6). Under both Missouri and Arkansas law, equitable estoppel is an affirmative defense, not a cause of action. *Hoag v. McBride & Son Inv Co.*, 967 S.W.2d 157, 171 (Mo. App. 1998) ("[E]quitable estoppel is an affirmative defense … a plaintiff may not use estoppel as a basis for a cause of action." (*citing Exchange National Bank v. Wolken*, 819 S.W.2d 45, 47–48 (Mo. 1991)); *Peoples Protective Life Ins. Co. v. Smith*, 514 S.W.2d 400, 406 (Ark. 1974) ("A cause of action cannot arise on the theory of estoppel."). Accordingly, this Court GRANTS Express Scripts' Motion to Dismiss Count V.

## CONCLUSION

Thus, this Court:

1. GRANTS the Motion to Strike Class Action Allegations;
2. GRANTS the motion to dismiss all claims against defendants ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc.;
3. GRANTS the motion to dismiss Counts II, IV, and V; and
4. DENIES the motion to dismiss Count I and III.

Dated this 18th day of November, 2025.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE